James vs. Meyer.

No. 10,704.

## S. L. JAMES VS. ADOLOH MEYER.

1. The plaintiff was appointed and qualified as guardian of his minor children in Alabama, where they reside.

He, as guardian, was recognized by the court, and a family meeting, at his instance, was called by the court to deliberate upon the disposition at private sale, under Act 25 of 1878, of the only property in this State in which they had an interest.

The proceedings were homologated, and the sale ordered for a price on terms stated in the deliberations. The court ordered the opening of the wife's succession and the appointment of a tutor to represent the minors already represented by the guardian.

The latter, although objecting, joined in the proceedings.

A second family meeting was held, and again recommended the sale. The proceedings were homologated.

The guardian and the tutor joined in petitioning the court for judgment decreeing that a sale grounded on all these proceedings would be legal.

Proof was made that the guardian had received the proceeds of the sale.

Held: That the sale was legal.

2. The irregularity in the allotment of cases must be timely pleaded.

If not timely made, it can not strike anterior proceedings with absolute nullity.

APPEAL from the Civil District Court for the Parish of Orleans. Rightor, J.

*Alfred Goldthwaite* and *Bayne, Denègre & Bayne* for Plaintiff and Appellee.

James vs. Meyer.

1. Article 130 of the Constitution of the State provided for one Civil District Court, with "general probate and exclusive civil jurisdiction in all causes." This clause was adopted for the cogent reasons set forth by this court in the Buisson case, 33 An. 1425; Peroni vs. Riley, 39 An. 302; State ex rel. Mexican Lottery Company, 41 An. 570. In these cases the allotment of cases is held to be merely *directory* and not mandatory; and, being merely *directory*, do not destroy or oust the jurisdiction granted by the Constitution to this one and only Civil District Court in the parish of Orleans.

2. Any irregularity in allotment will not deprive the court of jurisdiction, and render its proceedings null; such irregularities should be corrected on appeal or by direct action in the court rendering the judgment, and such judgment can not be attacked collaterally. State ex rel. Mestayer vs. Judge, 36 An. 831; Succession of Keller, 39 An. 581; Limon vs. Riggins, 5 So. Rep. 50; Succession of Byrne, 39 An. 518-55; 30 An. 470-539; 29 An. 798; 35 An. 591; 32 An. 896; 31 An. 295; 15 An. 27; 24 An. 175; Kent vs. Brown & Leonard, 38 An. 813.

3. In this case the record No. 3206, filed in evidence, shows that Lewis was regularly appointed and qualified as guardian of his minor children in Alabama, where he and they resided; that he was recognized as such here in the Civil District Court, and a family meeting of the relatives of the minors was called by that court to deliberate upon the sale of the only piece of property here in which they were interested, in order to remove the proceeds of sale to their domicil. The proceedings were homologated, and sale ordered for a price and on terms stated in the deliberations, and that pursuant thereto the sale was tendered; and after hearing before the court, the succession of his wife was more formally opened here, an inventory was taken, a tutor and under tutor appointed, also a curator *ad hoc*, a family meeting was convened, sale for partition and removal of proceeds to Alabama recommended, the proceedings were homologated, and sale was made according to the terms named. The proceeds of sale passed to their tutor, who had given bond in Alabama to account for said proceeds. The title was made under the judgment of the court having jurisdiction, and is final as a conclusive settlement of all the questions involved. Wells' Res Adjudicata and Stare Decisis, p. 4; 16 Conn. 141; 39 An. 582; 33 An. 1427, and authorities cited above.

4. The sale of the minors' property was made avowedly for the purpose of removing the proceeds of sale to the domicil of the minors, as provided for by law. Rev. Stat. 3838, 3839, 2330, 2331; 4 An. 524; 10 An. 790. And the agreement (page 11) upon which this suit is based shows that these proceeds were paid over to their father and guardian, and that he holds the same as the duly qualified guardian in Alabama, where he and they reside, and where they resided when proceedings were first taken in the Civil District Court for the sale of the property. Succession of Hawkins, 35 An. 591; 8 La. 86; 7 La. 547; 31 An. 167; 2 An. 64.

5. The father, who was guardian of his children in Alabama, where he resided, being a non-resident, could not be appointed their tutor here except by the special permission granted by Act of 1843. Rev. Stat. 3838, 3839, 2330, 2331; C. P., 946. He did not live here, and was not present in the State except as he casually passed through it. Succession of Foley, 34 An. 129.

No legal mortgage accrues against the property of a father who is the guardian of his children in another State, and no additional security would accrue to his minor children by more formally qualifying here. 2 Rob. 508; 12 An. 89.

6. In the opinion in this case, Act 25 of 1878, relative to sale of minors' property, is shown to have repealed all conflicting legislation and authorizes the sale as directed by the judgment of the court, on the recommendation of a family meeting previously convened, and a family meeting may order and ratify such a sale. A family can ratify that which it could originally order, and ratification results from the receipt of the money by the tutor and holding the same for them at his and their domicil, where he has qualified and given bond, and the subsequent proceedings confirmatory thereof, which are shown by the record. 31 An. 167; 3 An. 328; 2 An. 648, 727; C. C. 1794.

The Civil District Court, Division B, had jurisdiction of the original proceedings No. 3206, filed 28th April, 1881 (page 102 of record), and had jurisdiction of the suit No. 3600, filed June 6, 1881 (page 18), and the supplementary proceedings taken under its order, and the judgment and decree of sale should protect the purchaser who in good faith has complied therewith and for many years has undisturbed possession of the property. 39 An. 55; 38 An. 518; 813; 36 An. 831; 32 An. 52-276.

*Farrar, Jonas & Kruttschnitt* for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J. A rehearing was granted in this case at the close of the term of 1889, and it was remanded to be tried anew. James vs. Meyer, 42 An. 1100.

Additional evidence was presented in the lower court, and judgment was rendered for plaintiff, from which the defendant appeals.

I.

Record of case 3206 was filed in evidence. It discloses that the author of the title to plaintiff owned one-half of the property, and his minor children the other.

That he qualified as guardian of his children in Alabama, where he and they resided at the time, and have since continuously resided.

That in compliance with the orders of the Civil District Courts, in which his authority as a guardian had been recognized, a family meeting of the relatives of the minors was held to deliberate upon the sale of the only property in which they had an interest, to enable him to transfer the proceeds of the sale to their domicil.

A judgment of homologation was rendered, and the sale was ordered for a price and on terms stated in the deliberations.

The record further shows that the sale was tendered by the guardian to the plaintiff in this case.

He declined to accept a deed to the property.

James vs. Meyer.

## II.

Thereupon the guardian brought suit, to which the defendant, plaintiff in this case, answered, alleging a number of grounds of defence.

The court, for reasons not predicated upon any of the grounds in the defendant's answer, rendered a judgment, and held that the title tendered by the plaintiff in that case (Lewis personally and as guardian) was not such as the defendant James was bound to accept.

This judgment was not treated by the court or the plaintiff as definitive. The demand of plaintiff was not absolutely rejected, but further proceedings were ordered, and until they were taken definitive decision upon the title was reserved.

The evidence shows that thereupon and in obedience to the court's judgment, the guardian, J. M. Lewis, presented a petition in the pending suit and asked for a family meeting.

On their recommendation a tutor was appointed, and an under tutor.

They qualified.

An inventory was taken and an appraisement had, and they were homologated.

Afterward, at the instance of the tutor, a family meeting was held, and recommended the sale of the property in so far as related to the minor's interests.

The *proces verbal* was filed and homolgated.

The guardian then presented a supplemental petition, specifying what had been done, in compliance with the court's order, and prayed that the defendant James be ordered to comply with the prayer of the petition originally filed.

On issue joined after trial, the defendant James was ordered to accept the title.

The judgment was signed with which the defendant afterward complied and paid the purchase price.

It is satisfactorily proven that the proceeds of the sale of the property, in notes and cash, were paid.

## III.

James, the purchaser (from Lewis personally and as guardian), who had been in possession since July, 1884, entered into an agreement with the defendant in this case, in July, 1888, to sell him the property.

Defendant Meyer reserved the right to examine the title before accepting the deed, and the vendor, James, bound himself to make a valid title.

The plaintiff, a few days after, tendered title to the defendant, which the latter declined to accept. (Whereupon he brought suit to compel him to accept title.)

In his answer the defendant alleged at length that the succession of Mrs. Lewis, mother of the minors, was opened in an ordinary suit; that a tutor was appointed here, and this irregularity invalidated the sale, and the minors were not represented in the proceedings.

The case was tried, and judgment rendered in favor of the plaintiff, and it was ordered that the defendant Meyer accept the deed. From this judgment an appeal was taken.

On appeal, on rehearing, this court remanded the case for trial anew.

It was tried, decision was again rendered for plaintiff, from which defendant appeals.

The first question presented on appeal relates to the allotment of the case and irregularity affecting a judgment rendered by a decision of the court, to which it has not been allotted.

The second relates to the representation of the minors in the proceedings.

We will at once take up the second question, for if we should conclude that the minors were represented by their guardian in the proceedings before a tutor was illegally appointed, there will be very little else to decide.

The question of the representation of minors by tutors or guardians residing with their wards out of the State has received the consideration of this court in a number of decisions.

Under the comity of States prior to the Act 145 of 1843, the appointment of tutors or guardians made at the place of the minor's domicil was recognized as valid and binding upon the courts of Louisiana. Delacroix vs. Boisblanc, 4 M. 717.

In the matter of the partition of a succession, the court's *dictum* was, that a tutrix who had taken all steps necessary to give her full authority in relation to the property of her pupils according to the laws of the place of their residence, can represent them here. Berluchaux vs. Berluchaux, 7 L. 543.

A tutor appointed in another State was recognized without confirmation by any of the tribunals of this State. Chiapella vs. Couprez, 8 L. 84.

After the adoption of Act of 1843, relating to guardians appointed within the limits of the United States, their authority to represent their wards was considered enlarged instead of restricted.

They are authorized to remove the property of the minors out of the State, upon proof that they have authority so to do by the laws of their domicil. Fisk vs. Fisk, 2 An. 77.

Lands situate in this State can not be sold by a foreign tutor or guardian unless he is authorized by the advice of a family meeting. "A foreign tutor has full power to administer the real property of his ward, situated in this State, by an attorney in fact. Bailey vs. Morrison, 4 An. 523.

With reference to the property of their wards foreign guardians may provoke, by and with the advice of a family meeting, and under the sanction of the court, the investment of the funds of their minors or the sale of their property and the reinvestment of its proceeds. Succession of Lewis, 10 An. 791.

The subject was considered also in the case of Bowen, Guardian, vs. Callaway, Tutor, 26 An. 648.

Authorized by Article 363, C. C., the guardians appointed by the courts of the domicil, out of the State, are the representatives of their wards, and upon them devolves the duty of controlling their property in this State. Succession of Foley, 34 An. 130.

The decisions uniformly maintain the authority of foreign guardians when duly appointed to represent their wards at the domicil.

The foreign guardian's authority were similar in most respects to that of the tutor under our laws. James vs. Meyer, 41 An. 1100.

## IV.

The plaintiff, as guardian of his children, presented a petition to the probate court of Talladega county, Ala., in which he alleged that his children were part owners of a piece of property in Louisiana; he asked for authority to have it sold. He gave bond as required by the court of his domicil to protect the minor's interest in the proceeds of the sale of the property.

Copies of the proceedings before the Talledega County Probate Court were filed in evidence in the suit and were properly before the court.

After the family meeting was held in this State, and its deliberations homologated, he instituted suit against James.

On the trial, the District Court did not find the title valid, and thinking that the minors would be more authoritatively represented by the appointment of a local tutor, ordered the appointment of a resident of this State (in which the minors did not reside) to represent them, and did that which the court said could not be done in the succession of Foley, 34 An. 130.

The subsequent proceedings were required by the court.

Prior to these last proceedings plaintiff might have insisted on a judgment.

They may now be considered cumulative.

They do not have the effect of setting aside the proceedings preceding them.

The last judgment was preceded by a supplemental petition, in which all the proceedings were pleaded, as well those preceding the appointment of a tutor as those succeeding.

The fact that the minors were represented by their guardian, as well as by a tutor, was urged.

With all these proceedings offered, the court decided contradictorily both with the guardian and the tutor that the purchaser must accept the title.

This was the judgment in the case which was remanded. 41 An. 1100.

On the trial, after it had been remanded, the court heard further evidence and decided that the title is legal. This is the judgment before us on appeal.

## V.

The other ground of nullity alleged, the illegal allotment, does not affect the validity of the proceedings in the name of the guardian, as they date at a time prior to the alleged illegality.

The question of the illegal allotment of the case to be tried arises subsequently, in proceedings appointing the tutor.

It is not a leading issue in the case and has no importance.

If it has and be still urged, the objection is met by reference to the case of Buisson vs. Lyons, 33 An. 1424; Purvis vs. Riley, 39 An. 305, and State ex rel. Mexican L. vs. Voorhies, ex rel., 41 An. 567, in which it was held that the irregularity in allotment must be timely pleaded.

If the allotment was irregular it can not now divest the jurisdiction or strike the anterior or subsequent proceedings with absolute nullity.

The proceeds of the sale have been received by the guardian, who had authority to receive and grant a discharge. A fact not proven, and which was not made evident by the record in the previous appeal, but which is now undisputed.

It now brings the case clearly within the grasp of the case of Succession of Hawkins, 35 An. 591, in which it was held " the proceeding, being substantially correct and the proceeds having been paid to the legal representative, the minor was concluded."

The irregularities heretofore found being cured, we affirm the judgment of the District Court at appellant's costs.